IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADING TECHNOLOGIES )
INTERNATIONAL, INC., )
)
      Plaintiff, )
)
vs. ) No. 05 C 4811
)
CQG, INC., and CQGT, LLC, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Trading Technologies International, Inc. (TT) has eight pending actions in this jurisdiction involving alleged infringement of the same patents. They are as follows:

1. This action.

2. <u>Rosenthal Collins Group, LLC v. Trading Technologies International Inc.</u>, 05 C 4088 (Moran).

3. <u>Trading Technologies International, Inc. v. CQG, Inc.</u>, 05 C 4811 (Moran).

4. <u>Trading Technologies International, Inc. v. REFCO Group Ltd.</u>, 05 C 1079 (Andersen).

5. <u>Trading Technologies International, Inc. v. Man Group PLC</u>, 05 C 2164 (Hart).

6. <u>Trading Technologies International, Inc. v. GL Consultants, Inc.</u>, 05 C 4120 (Gottschall).

7. <u>Trading Technologies International, Inc. v. Peregrine Financial Group, Inc.</u>, 05 C 4137 (Kocoras).

8. <u>Trading Technologies International, Inc. v. Future Path Trading LLC</u>, 05 C 5164 (Shadur).

TT seeks to reassign the last five cases to this court, and the defendants, or at least most of them, oppose.

Reassignment in the circumstances does not fit easily within the strictures of our local rules. The eSpeed case is far ahead of any of the others. Infringement issues may be similar — but maybe not. It would be an imposition on the rest of the defendants if their attorneys had to sit through infringement depositions, or at least infringement testimony at trial, respecting one defendant.

Still, there is much to be said for the reassignment of the cases to this court for the oversight of common issues. Just recently the attorneys in the first case went to Japan for prior art depositions. It would be exceedingly inefficient if total separation of the cases necessitated seven more trips to Japan. Equally inefficient would be multiple depositions of the inventors, others involved in the development of the TT software, and third parties with knowledge of prior art.

I have proposed to the five other judges involved that I accept assignment of the five other cases for the limited purpose of dealing with common issues. That includes coordinated discovery where possible. It also means ruling on common issues to some extent. I expect that the Markman hearing in the eSpeed case will come long before discovery is completed in other cases. I expect to make rulings binding in the eSpeed case only. However, it may be that other judges may give some deference to my rulings, particularly since the Federal Circuit does not give any expressed deference. Therefore, I will permit attorneys in the other cases to participate in the Markman hearing, if they wish. They will have access to the prior depositions, exhibits and the preliminary injunction transcript.

The five other judges agree to the reassignments for the purposes expressed. By this Memorandum Opinion and Order I am requesting the Executive Committee to reassign the

five cases to me for those purposes.

                                                                                       _____
                                                                                             JAMES B. MORAN
                                                                      Senior Judge, U. S. District Court

_____, 2005.