

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) | No. 05 C 4811 |
| ) CQGT, LLC and CQG, INC., ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trading Technologies, Inc. ("TT") filed suit against several independent software vendors alleging infringement of two patents covering software designed for futures trading. All cases were consolidated before this court for purposes of common issues, and only one case, against defendants eSpeed and Ecco, has thus far proceeded to trial. That case is currently on appeal in the Federal Circuit. In April 2007, prior to eSpeed's trial, defendant CQG, Inc. ("CQG") moved for summary judgment on the issue of non-infringement. After the eSpeed trial concluded, TT and CQG attempted to come to an agreement regarding non-infringement, but to no avail. The parties now come before this court to settle the dispute. For the following reasons, we enter and continue CQG's motion for summary judgment and grant TT the right to collect certain data from CQG pursuant to the terms of this order.

During the pendency of the eSpeed case, this court stayed any and all discovery not related to the common issues of the defendants. Because CQG's allegedly infringing products differed significantly from some of the other defendants' allegedly infringing products, our stay limited discovery between TT and CQG regarding the products' functionality. TT now argues that it cannot respond to CQG's motion for summary judgment precisely because it has

been precluded from engaging in the discovery necessary to confirm or deny that CQG's products infringe TT's patents. The discovery that TT believes it needs is vast – including source code, development documentation, and depositions of developers. It is for this reason that TT argues it cannot admit *in fact* that CQG's product does not infringe.

TT has, however, proposed an alternative. It states that it would be willing to enter into a binding admission that CQG's products, if in fact they function the way CQG's counsel represents, do not infringe TT's patents. TT is willing to enter into this binding admission provided that CQG offers a mutually agreeable declaration as to the functions of its products, and that TT reserves the right to challenge both this court's claim construction and doctrine of equivalents rulings. Furthermore, TT is seeking to require CQG to represent and warrant to TT and the court that it will count, from now until the end of the case, for purposes of TT's damages analysis, all transactions made using the products. However, instead of this binding admission culminating in a finding of summary judgment, TT suggests that the motion would simply be entered and continued and the proceedings would be stayed pending the conclusion of the appeal in the eSpeed case.

CQG argues that TT is changing its tune in arguing a need for additional discovery. CQG asserts that TT has already admitted that CQG's products do not infringe and therefore additional discovery is unnecessary.[1] Further, CQG notes that as a CQG customer since at least January 2007, TT has had access to CQG's products and can access a demo from CQG's website to determine if the products fall within the patents' claims, as construed by this court. CQG argues that any binding admission without the entry of summary judgment would be

---

[1] The cites CQG offers in support do not constitute an admission. In each one TT states that its admission that CQG's products do not infringe is based solely on the representations of CQG's counsel, unconfirmed by discovery, and may be altered or supplemented by such discovery. (See CQG's response, Exh. A ¶ 1).

meaningless. Finally, CQG asserts that it should not be required to keep a record of all of its transactions since that would require it to generate data solely for the purpose of litigation and it has already represented its intent to abide by its discovery obligations to preserve existing data.

We agree with TT that it should not be required to respond to CQG's summary judgment motion absent the discovery it needs to adequately do so, and we decline to permit such extensive discovery to take place at this juncture. At the same time, we agree with CQG that TT's proffered binding admission does nothing for either party, since TT is unwilling to accept CQG's declaration as truth, without further discovery. Since the parties have been unable to come to an agreement, we determine that the best course is to simply enter and continue CQG's motion and stay the case pending the outcome of eSpeed's appeal.

Regarding TT's request for CQG to count transactions going forward, we decline to force CQG to do so. However, we are sure that CQG maintains raw data of its transactions, which it uses for its own purposes. To the extent that this data is transferrable, we hold that TT may have access to the raw data on a regular basis, and create a transaction count of its own. We ask the parties to finalize the details of such an arrangement, keeping in mind issues of convenience and privilege.[2]

## CONCLUSION

For the foregoing reasons, we enter and continue CQG's motion for summary judgment.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 17, 2008.

---

[2] CQG argues that this court previously denied TT's request for CQG to maintain transaction records, but cites to nothing in the record supporting this. Regardless, we believe that what we now grant TT access to is different from what it is seeking and does not place any undue burden on CQG.