# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4811 | **DATE** | 10/31/2012 |
| **CASE TITLE** | Trading Technologies Intl, Inc. Vs. CQG, et al. | | |

**DOCKET ENTRY TEXT**

Trading Technologies filed a motion to strike CQG's affirmative defenses ¶¶ 2 & 5 and to strike CQG's counterclaims I-IV (non-infringement and invalidity)[341]. The motion to strike the affirmative defenses is granted with leave to replead and the motion to strike the counterclaims as redundant is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Trading Technologies filed a motion to strike CQG's affirmative defenses ¶¶ 2 & 5 and to strike CQG's counterclaims I-IV (non-infringement and invalidity). The motion to strike the affirmative defenses is granted with leave to replead and the motion to strike the counterclaims as redundant is denied.

Trading Technologies moves to strike CQG's affirmative defenses ¶¶ 2 & 5 because they constitute bare-bones pleading that fails to meet notice pleading requirements. Affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a "short and plain statement" of all the material elements of the defense asserted; bare legal conclusions are not sufficient. *See* Fed. R. Civ. P. 8(a); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 802 (N.D.Ill. 2000). Paragraph two of CQG's affirmative defenses states, "Plaintiff's claims are barred by the doctrines of estoppel, acquiescence, implied license, and/or unclean hands." Paragraph five states, "Plaintiff is not entitled to any damages for the time period that it was not in compliance with the marking requirements under 35 U.S.C. § 287." This Court finds that CQG's

affirmative defenses contained in paragraphs two and five are insufficient to satisfy the requirements of Rule 8(a) because they are devoid of any factual basis. Pursuant to Rule 15(a)(2), this Court will allow CQG twenty-one days to replead the affirmative defenses at issue here.   Trading Technologies also moves to strike as redundant pursuant to Rule 12(f) CQG's counterclaims I-IV seeking declaratory judgment for non-infringement and invalidity. Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are 'not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Williams v. Jader Fuel Co*., 944 F.2d 1388, 1400 (7th Cir. 1991). Trading Technologies asserts that CQG's counterclaims seeking declaratory judgment for non-infringement and invalidity are redundant because the issues of infringement and validity of the patents-in-suit will be addressed by litigation of the complaint against CQG. In support of this position, Trading Technologies cites three orders from courts in this district; an order issued by the Honorable Rebecca Pallmeyer in which she declined to decide whether, in a copyright infringement case, the copyright misuse doctrine may be asserted as a counterclaim for declaratory relief, *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 2011 U.S. Dist. LEXIS 6453 (N.D. Ill. Jan. 24, 2011), and two orders issued sua sponte by the Honorable Milton Shadur, *Performance Proxy Research, LLC v. Microsoft Corp*., 2010 U.S. Dist. LEXIS 1938 (N.D. Ill. Jan. 11, 2010) (counterclaim for invalidity was stricken as redundant) and *Trading Techs. Int'l, Inc. v. CQG, Inc*., 2010 U.S. Dist. LEXIS 81923 (N.D. Ill. Aug. 12, 2010) (counterclaims stricken by the court for failure to satisfy the notice pleading requirements).

   Yet, other judges in this district have indicated that counterclaims for invalidity may be asserted. *See Sloan Valve Co. v. Zurn Indus*., 712 F. Supp. 2d 743, 750 (N.D. Ill. 2010) (St. Eve, J.), and *Trading Techs. Int'l, Inc. v. BCG Ptnrs., Inc*., 2011 U.S. Dist. LEXIS 99415 (N.D. Ill. Sept. 2, 2011) (Kendall, J.). Moreover, there is additional authority holding that courts have jurisdiction over declaratory judgment claims for invalidity and non-infringement even though there is not yet a claim for infringement or the initial claim for

| STATEMENT |
|---|
| patent infringement is resolved in favor of the alleged infringer. *See MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 166 L. Ed. 2d 604 (2007); *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348 (Fed. Cir. 2005). This Court declines to strike CQG's counterclaims as redundant. Therefore, Trading Technologies' motion to strike CQG's counterclaims is denied. |