# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-cv-4811 |
| CQG, INC., and CQGT, LLC, | ) ) ) | |
| Defendants. | ) ) | Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

CQG, Inc. and CQGT, LLC (collectively "CQG"), moves summary judgment [707] based on non-infringement due to Trading Technologies, International, Inc.'s ("TT") failure to identify a manual re-centering command in CQG's products and processes. For the reasons stated below, this Court denies the motion.

**Background**

Central to the motion at issue here is the construction of the static limitation claims. In its April 24, 2014, Order granting TT's motion to terminate *Markman* proceedings, this Court expressly adopted the claim construction for the static limitation claims initially set forth by Judge Moran and affirmed by the Federal Circuit Court of Appeals in the *eSpeed* litigation. (*See* Dkt. 735.) Judge Moran construed "static display of prices" as "a display of prices comprising price levels that do not change positions unless a manual re-centering command is received." (Dkt. 105 at 6.) The Federal Circuit affirmed the district court's construction of the "static" terms and construed the claims to "require a manual re-centering command." *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1354 (Fed. Cir. 2010).

Since the filing of the instant motion for summary judgment, this Court clarified its understanding of the claim construction of the patents-in-suit. (Dkt. 826 at 3). The proper construction of the term "static" is that price levels will not change unless a manual re-centering or repositioning command is entered. *Id.* This means that "static" excludes automatic re-centering and repositioning, but includes systems where the prices never move or a repositioned or recentered by manual command. *See id.*

**Legal Standard**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cartrett,* 477 U.S. 317, 322 (1986). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005).

**Discussion**

To assess claims of patent infringement, the Court must first construe the meaning of the patent claims and then evaluate whether each patent claim limitation is found in the accused products, either literally or by the doctrine of equivalents. *Freedman Seating Co. v. American Seating Co.,* 420 F.3d 1350, 1356-57 (Fed. Cir. 2005). The parties to this case are bound by the construction of the claims in the *eSpeed* case therefore the Court need only evaluate whether the patent claim limitation is present in the accused products.

CQG argues that it is entitled to summary judgment for non-infringement because TT must identify a manual re-centering or repositioning command for the independent claims of the patents-in-suit based on the construction of "static." CQG asserts that TT has not identified such manual re-centering or repositioning commands for the independent claims in its Infringement Contentions

and TT cannot amend its Infringement Contentions to cure this error. CQG surmises that TT has failed to prove an essential element of its case, cannot correct it, and this Court should therefore grant summary judgment in favor of CQG. The premise of CQG's argument is invalid, especially in light of this Court's November 3, 2014, Order.

In the November 3, 2014, Order on TT's Motion for Reconsideration and Clarification, this Court explicitly stated its understanding of the claim construction originally articulated in *eSpeed*, "This Court did not intend by its Order to limit the scope of 'static' to require a 'manual re-centering command.'" (Dkt. 826 at 3). Further, "[t]his Court did not intend to construe 'static' as requiring a 'manual re-centering command.'" *Id.* As Judge Moran explained, "we must construe the term 'static' in its ordinary meaning, non-moving, and allow for the only exception plainly stated in the written description: manual re-centering." (Dkt. 105 at 8.) This clear language contradicts CQG's understanding that the claims "require the *presence* of a manual recentering command." (Dkt. 711 at 4) (emphasis in original). Therefore, the basis for CQG's argument is invalid and it cannot claim that TT's Infringement Contentions are fatally flawed for failure to specify a manual re-centering command for the independent claims of the patents-in-suit. Even if CQG's premise that infringement requires a manual re-centering command were valid, TT has, in fact, identified such a re-centering command in the accused products.

**Conclusion**

Based on the foregoing discussion, this Court finds that CQG is not entitled to judgment as a matter of law and denies CQG's motion. The Court also denies TT's request attorneys' fees as a sanction for TT having to file a response to CQG's motion.

IT IS SO ORDERED.

Date:   December 22, 2014            Entered: _____
                                              U.S. District Judge