# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 05-cv-4811 |
| CQG, INC., and CQGT, LLC, | ) ) ) | |
| Defendants. | ) ) | Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

CQG, Inc. and CQGT, LLC (collectively "CQG"), moves for summary judgment [709] based on invalidity of the patents-in-suit due to lack of written description under 35 U.S.C. § 112. For the reasons stated below, this Court denies the motion.

**Background**

The following facts are undisputed for purposes of this motion. There are two patents-in-suit: U.S. Patent No. 6,766,304 ("the '304 patent") and U.S. Patent No. 6,772,132 ("the '132 patent"). Although the patents-in-suit have different claims, they share a common written description except that the '304 patent indicates that it is a divisional application of Ser. No. 09/590,962. (Dkt. 752, TT's 56.1(b)(3) Responses to CQG's SOF at ¶ 6).

The '304 patent includes two independent claims: claims 1 and 27. Claim 1 of the '304 patent provides:

> 1. A method for displaying market information relating to and facilitating trading of a commodity being traded in an electronic exchange having an inside market with a highest bid price and a lowest ask price on a graphical user interface, the method comprising:
>
> dynamically displaying a first indicator in one of a plurality of locations in a bid display region, each location in the bid display region corresponding to a

price level along a common static price axis, the first indicator representing quantity associated with at least one order to buy the commodity at the highest bid price currently available in the market;

dynamically displaying a second indicator in one of a plurality of locations in an ask display region, each location in the ask display region corresponding to a price level along the common static price axis, the second indicator representing quantity associated with at least one order to sell the commodity at the lowest ask price currently available in the market;

displaying the bid and ask display regions in relation to fixed price levels positioned along the common static price axis such that when the inside market changes, the price levels along the common static price axis do not move and at least one of the first and second indicators moves in the bid or ask display regions relative to the common static price axis;

displaying an order entry region comprising a plurality of locations for receiving commands to send trade orders, each location corresponding to a price level along the common static price axis; and in response to a selection of a particular location of the order entry region by a single action of a user input device, setting a plurality of parameters for a trade order relating to the commodity and sending the trade order to the electronic exchange. (Dkt. 752 at ¶ 8).

Claim 27 of the '304 patent states:

27. A computer readable medium having program code recorded thereon for execution on a computer for displaying market information relating to and facilitating trading of a commodity being traded in an electronic exchange having an inside market with a highest bid price and a lowest ask price on a graphical user interface, the program code causing a machine to perform the following method steps:

dynamically displaying a first indicator in one of a plurality of locations in a bid display region, each location in the bid display region corresponding to a price level along a common static price axis, the first indicator representing quantity associated with at least one order to buy the commodity at the highest bid price currently available in the market;

dynamically displaying a second indicator in one of a plurality of locations in an ask display region, each location in the ask display region corresponding to a the price level along the common [s]tatic price axis, the second indicator representing quantity associated with at least one order to sell the commodity at the lowest ask price currently available in the market;

displaying the bid and ask display regions in relation to fixed price levels positioned along the common static price axis such that when the inside market changes, the price levels along the common static price axis do not move and at least one of the first and second indicators moves in the bid or ask display regions relative to the common static price axis; displaying an order entry region comprising a plurality of locations for receiving commands to send

trade orders, each location corresponding to a price level along the common static price axis; and

in response to a selection of a particular location of the order entry region by a single action of a user input device, setting a plurality of parameters for a trade order relating to the commodity and sending the trade order to the electronic exchange. (Dkt. 752 at ¶ 9).

The '132 patent includes three independent claims: claims 1, 8, and 14. Claim 1 of the '132 patent states:

1. A method of placing a trade order for a commodity on an electronic exchange having an inside market with a highest bid price and a lowest ask price, using a graphical user interface and a user input device, said method comprising:

setting a preset parameter for the trade order[;]

displaying market depth of the commodity, through a dynamic display of a plurality of bids and a plurality of asks in the market for the commodity, including at least a portion of the bid and ask quantities of the commodity, the dynamic display being aligned with a static display of prices corresponding thereto, wherein the static display of prices does not move in response to a change in the inside market;

displaying an order entry region aligned with the static display prices comprising a plurality of areas for receiving commands from the user input devices to send trade orders, each area corresponding to a price of the static display of prices; and

selecting a particular area in the order entry region through single action of the user input device with a pointer of the user input device positioned over the particular area to set a plurality of additional parameters for the trade order and send the trade order to the electronic exchange. (Dkt. 752 at ¶ 11).

Claim 8 of the '132 patent states:

8. A computer readable medium having program code recorded thereon, for execution on a computer having a graphical user interface and a user input device, to place a trade order for a commodity on an electronic exchange having an inside market with a highest bid price and a lowest ask price, comprising:

a first program code for setting a preset parameter for the trade order;

a second program code displaying market depth of a commodity, through a dynamic display of a plurality of bids and a plurality of asks in the market for the commodity, including the bid and ask quantities of the commodity, aligned with a static display of prices corresponding thereto, wherein the static display of prices does not move in response to a change in the inside market;

a third program code for displaying an order entry region comprising a plurality of areas for receiving commands from the user input device to send trade

orders, aligned with the static display of prices, each area corresponding to a price of the static display of prices; and

a fourth program code for receiving a command as a result of a selection of a particular area in the order entry region by a single action of the user input device with a pointer of the user input device positioned over the particular area, to set a plurality of additional parameters for the trade order and send the trade order to the electronic exchange. (Dkt. 752 at ¶ 12).

Claim 14 of the '132 patent states:

14. A client system for placing a trade order for a commodity on an electronic exchange having an inside market with a highest bid price and a lowest ask price, the system comprising:

a parameter setting component for setting a preset parameter for the trade order;

a display device for displaying market depth of a commodity, through a dynamic display of a plurality of bids and a plurality of asks in the market for the commodity, including the bid and ask quantities of the commodity, aligned with a static display of prices corresponding thereto, wherein the static display of prices does not move when the inside market changes, and for displaying an order entry region aligned with the static display of prices, comprising a plurality of areas for receiving commands to send trade orders, each area corresponding to a price of the static display of prices;

a user input device for positioning a pointer thereof over an area in the order entry region; and

a trade order sending component for receiving a command as a result of a selection of the area in the order entry region by a single action of the user input device with a pointer of the user input device positioned over the area, to set a plurality of additional parameters for the trade order and send the trade order to the electronic exchange. (Dkt. 752 at ¶ 13).

The '304 patent claim term "common static price axis" does not appear in the specification nor does it appear in the claims of the '132 patent. TT asserts that the term is taught by the provisional patent application and the specification of the patents-in-suit. (Dkt. 752 at ¶ 14). The claim term "static display of prices" appears in the claims of the '132 patent and in the Summary of the Invention section of the patents-in-suit. (Dkt. 752 at ¶ 15). The Summary of the Invention reads:

"The inventors have developed the present invention which overcomes the drawbacks of the existing trading systems and dramatically reduces the time it takes for a trader to place a trade when electronically trading on an exchange. This, in turn, increases the likelihood that the trader will have orders filled at desirable prices and quantities.

> The 'Mercury' display and trading method of the present invention ensure fast and accurate execution of trades by displaying market depth on a vertical or horizontal plane, which fluctuates logically up or down, left or right across the plane as the market prices fluctuates [sic]. This allows the trader to trade quickly and efficiently.
> Specifically, the present invention is directed to a graphical user interface for displaying the market depth of a commodity traded in a market, including a dynamic display for a plurality of bids and for a plurality of asks in the market for the commodity and a static display of prices corresponding thereto. Also described herein is a method and system for placing trade orders using such displays.
> These embodiments, and others described in greater detail herein, provide the trader with improved efficiency and versatility in placing, and thus executing, trade orders for commodities in an electronic exchange. Other features and advantages of the present invention will become apparent to those skilled in the art from the following detailed description. I should be understood, however, that the detailed description and specific examples, while indicating preferred embodiments of the present invention, are given by way of illustration and not limitation. Many changes and modifications within the scope of the present invention may be made without departing from the spirit thereof, and the invention includes all such modifications." (Dkt. 720-1, Ex. A, the '304 patent, at 11; Dkt. 720-2, Ex. B, the '132 patent, at 10-11).

The patents-in-suit state in part in the opening paragraph of the Detailed Description of the Preferred Embodiments:

> As described with reference to the accompanying figures, the present invention provides a display and trading method to ensure fast and accurate execution of trades by displaying market depth on a vertical or horizontal plane, which fluctuates logically up or down, left or right across the plane as the market prices fluctuates [sic]. This allows the trader to place trade orders quickly and efficiently. A commodity's market depth is the current bid and ask prices and quantities in the market. The display and trading method of the invention increase the likelihood that the trader will be able to execute orders at desirable prices and quantities. (Dkt. 720-1, Ex. A, the '304 patent, at 11; Dkt. 720-2, Ex. B, the '132 patent, at 11).

The patents-in-suit state in part:

> As described herein, the display and trading method of the present invention provide the user with certain advantages over systems in which a display of market depth, as shown in FIG. 2, is used. The Mercury display and trading method of the present invention ensure fast and accurate execution of trades by displaying market depth on a vertical or horizontal plane, which fluctuates logically up or down, left or right across the plane as the market prices fluctuates [sic]. This allows the trader to trade quickly and efficiently. An example of such a Mercury display is illustrated in the screen display of FIG. 3….

> The Mercury display overcomes this problem in an innovative and logical manner.[1] Mercury also provides an order entry system, market grid, fill window and summary of market orders in one simple window. Such a condensed display materially simplifies the trading system by entering and tracking trades in an extremely efficient manner. Mercury displays market depth in a logical, vertical fashion or horizontally or at some other convenient angle or configuration. A vertical field is shown in the figures and described for convenience, but the field could be horizontal or at an angle. In turn, Mercury further increases the speed of trading and the likelihood of entering orders at desired prices with desired quantities. In the preferred embodiment of the invention, the Mercury display is a static vertical column of prices with the bid and ask quantities displayed in vertical columns to the side of the price column and aligned with the corresponding bid and ask prices. An example of this display is shown in FIG. 3.
>
> Bid quantities are in the column 1003 labeled BidQ and ask quantities are in column 1004 labeled AskQ. The representative ticks from prices for the given commodity are shown in column 1005. The column, does not list the whole prices (e.g. 95.89), but rather, just the last two digits (e.g. 89). In the example shown, the inside market, cells 1020, is 18 (best bid quantity) at 89 (best bid price) and 20 (best ask quantity) at 90 (best ask price). In the preferred embodiment of the invention, these three columns are shown in different colors so that the trader can quickly distinguish between them.
>
> The values in the price column are static; that is, they do not normally change positions unless a re-centering command is received (discussed in detail later). The values in the Bid and Ask columns however, are dynamic; that is, they move up and down (in the vertical example) to reflect the market depth for the given commodity."
> (Dkt. 720-1, Ex. A, the '304 patent, at 13; Dkt. 720-2, Ex. B, the '132 patent, at 12-13).

The patents-in-suit further state in part:

> The inside market and market depth ascend and descend as prices in the market increase and decrease. For example, FIG. 4 shows a screen displaying the same market as that of FIG. 3 but at a later interval where the inside market, cells 1101, has risen three ticks. Here, the inside market for the commodity is 43 (best bid quantity) at 92 (best bid price) and 63 (best ask quantity) at 93 (best ask price). In comparing FIGS. 3 and 4, it can be seen that the price column remained static, but the corresponding bids and asks rose up the price column. Market Depth similarly ascends, and descends price column, leaving a vertical history of the market.
>
> As the market ascends or descends the price column, the inside market, might go above or below the price column displayed on a trader's screen. Usually a trader will want to be able to see the inside market to assess future trades. The system of the present invention addresses this problem with a one click centering feature. With a single click at any point within the gray area, 1021, below the 'Net Real' button, the system will re-center the inside market on the trader's screen. Also, when using a three-button mouse, a click of the middle mouse button, irrespective of

---

[1] The "problem" is described in the preceding paragraph, which is omitted as not relevant to the issue at bar.

the location of the mouse pointer, will re-center the inside market on the trader's screen.

The same information and features can be displayed and enabled in a horizontal fashion. Just as- the market ascends and descends the vertical Mercury display shown in FIGS. 3 and 4, the market will move left and right in the horizontal Mercury display. The same data and the same information gleaned from the dynamical display of the data is provided. It is envisioned that other orientations can be used to dynamically display the data and such orientations are intended to come within the scope of the present invention." (Dkt. 720-1, Ex. A, the '304 patent, at 14; Dkt. 720-2, Ex. B, the '132 patent, at 13).

CQG accurately reproduced Figures 7A, 8A, 8B, 8 C of Exhibit B ('304 Claim Charts) to TT's Amended Final Infringement Contentions. TT admits that it identified what it believes to be the common static price axis in Figures 7A, 8A, and 8B of the '304 claim charts to TT's Amended Final Infringement Contentions. TT identifies three "zones" in the price column that include a middle zone that constitutes a "common static price axis" and two other non-static zones. TT admits that Figure 8C of Exhibit B ('304 Claim Charts) of TT's Amended Final Infringement Contentions identifies the "common static price axis" and that in this figure all price levels in the column are static.

CQG accurately reproduced Figures 1A, 2A, and 2B of Exhibit A ('132 Claim Charts) to TT's Amended Final Infringement Contentions. TT admits that Figures 1A, 2A, and 2B of Exhibit A ('132 Claim Charts) to TT's Amended Infringement Contentions identifies the "static display of prices." TT admits that the price column in Figures 1A, 2A, and 2B of Exhibit A has a middle zone that constitutes a "static display of prices" (in which all price levels are static) and two other non-static zones. TT admits that Figure 2C of Exhibit A ('132 Claim Charts) to TT's Amended Infringement Contentions identifies the "static display of prices." In this figure, all price levels in the column are static.

A portion of TT's Amended Response to Interrogatory No. 25 states:

"With respect to CQG's request that TT identify the written description support for various terms, TT objects to this request as calling for a legal contention. However, TT notes that the specifications of the patents-in-suit only need to provide written

description support for the 'static display of prices' and 'common static price axis' terms found in the claims. *See* TT's Response to CQG's Final Invalidity Contentions at p. 76-77. These terms, which were construed in the *eSpeed* case, find ample support in the specifications of both patents. Examples of such support are identified below:
- Provisional patent No. 60/186,322 figures at p. 24, 28, 29, 31, 32
- 'Mercury displays a static vertical column of prices…' Provisional patent No. 60/186,322 at p. 23-24.
- 'Prc Column: This column represents prices for the chosen commodity.' Provisional patent No. 60/186,322 at p. 28.
- 'The price column remained static, but the corresponding bids and asks rose up the price column.' Provisional patent No. 60/186,322 at p. 30.
- FIGS/ 3-5 of the '132 and '304 patents.
- 'In the preferred embodiment of the invention, the Mercury display is a static vertical column of prices …' '132 patent at 7:29-31; '304 patent at 7:48-50.
- 'The values in the price column are static …' '132 patent at 7:46; '304 patent at 7:65.
- 'In comparing FIGS. 3 and 4, it can be seen that the price column remained static, but the corresponding bids and asks rose up the price column.' '132 patent at 8:44-47; '304 patent at 9:9-12.
- 'As the market ascends or descends the price column, the inside market might go above or below the price column displayed on a trader's screen.' Provisional patent No. 60/186,322 at p. 35; '132 patent at 8:49-51; '304 patent at 9:14-16. TT also notes that, under controlling law, there is no requirement that the written description support unclaimed features or functionality, such as displaying price levels in addition to a range of price levels that comprise a static price axis." (Dkt. 720-24, Ex. G at 8-9).

In its Rule 56.1 Statement of Facts, CQG presents as facts portions of its expert Dr. Mellor's March 16, 2014, Declaration. TT admits that Dr. Mellor made the statements presented. The parties dispute the implication of the testimony of CQG' s proffered expert, Dr. Mellor, and, TT's proffered expert, Dr. Pirrong, with respect to the written description support for the claims as construed.

**Legal Standard**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cartrett,* 477 U.S. 317, 322 (1986). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light

most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005).

**Discussion**

CQG argues that the patents-in-suit are invalid for lack of written description under 35 U.S.C. § 112, ¶ 1, because Trading Technologies International, Inc. ("TT") is asserting patent rights beyond the scope of what the patent specification discloses. The first paragraph of *section 112* requires that:

> the specification shall contain *a written description of the invention*, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention. 35 U.S.C. § 112, ¶ 1.

Compliance with the "written description" requirement of § 112 is a question of fact. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc); *Vas-Cath Inc. v. Mahurkar,* 935 F.2d 1555, 1563 (Fed. Cir. 1991). An issued patent is presumptively valid. 35 U.S.C. § 282. The burden of establishing invalidity of a patent or any claim thereof rests on the party asserting the invalidity, and must proved by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. Partnership,* 131 S.Ct. 2238, 2242 (2011). Thus, CQG must show by clear and convincing evidence that the patents-in-suit here lack a written description. *See Hynix Semiconductor Inc. v. Rambus, Inc.*, 645 F.3d 1336, 1351 (Fed. Cir. 2011).

The written description requirement is satisfied when the disclosure reasonably conveys to a person of ordinary skill in the art that the inventor had possession of the claimed subject matter as of the filing date. *Ariad Pharm. Inc.,* 598 F. 3d at 1351. "[T]he patentee need only describe the invention as claimed, and need not describe an unclaimed method of making the claimed product." *Amgen Inc. v. Hoechst Marion Roussel*, 314 F.3d 1313, 1333 (Fed. Cir. 2003). "It is sufficient for purposes of the written description requirement that a person of ordinary skill in the art would find

it 'reasonably clear what the invention is and that the patent specification conveys that meaning.'" *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.,* 741 F.Supp.2d 865, 875 (N.D.Ill. 2010) (quoting *All Dental Prodx, LLC v. Advantage Dental Products, Inc.*, 309 F.3d 774, 779 (Fed. Cir. 2002).

CQG argues that there is no support in the written description for a static limitation that covers a price column where some, but not all, prices are static. According to CQG, the written description only describes a price column where all prices are static. As this Court has found, the "static" limitation is to be construed consistent with Judge Moran's *Markman* ruling; "a line comprising price levels that do not change positions unless a manual re-centering command is received and where the line of prices corresponds to at least one bid value and one ask value," and "a display of prices comprising price levels that do not change positions unless a manual re-centering command is received". (Dkt. 105 at 6.) This Court has expressly adopted the construction of the static limitation as construed by Judge Moran in the *eSpeed* litigation and affirmed by the Federal Circuit in *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1355 (Fed. Cir. 2010).

The patents-in-suit do not expressly state that the entire price column must be static nor do they exclude a price column that is static with additional features. CQG concedes that "a disclosure need not be *in haec verba* to satisfy the written description requirement of § 112." *Bone Care Int'l, LLC,* 741 F. Supp. 2d at 876. Each party has proffered an expert opinion as to whether a person having ordinary skill in the art would find that the specification conveys an invention that describes only a price column where all prices are static or a price column where a portion is static. In other words, the issue is whether the written description only supports an invention where the entire price column is static. Resolution of this question as presented would require the Court to weigh the expert testimony, particularly that of CQG's expert Dr. Mellor. Notably, Dr. Mellor's report and declaration have been stricken by this Court. Accordingly, CQG fails to meet its burden to show by

clear and convincing evidence that the patents-in-suit here lack a written description. *See Hynix Semiconductor Inc.*, 645 F.3d at 1351.

**Conclusion**

Based on the foregoing, this Court denies CQG's Motion for Summary Judgment for lack of written description [709].

IT IS SO ORDERED.

Date: January 20, 2015

Entered: /s/ Sharon Johnson Coleman
Sharon Johnson Coleman
U.S. DISTRICT JUDGE